HOWE MACHINE COMPANY *v.* JESSE CAGE, CLERK, ETC.

1. PEDDLERS. *Privilege tax. Sewing Machine.* Sec. 28 of art. 2, of the State Constitution, which ordains that "the Legislature shall have power to tax merchants, peddlers and privileges, in such manner as they may from time to time direct," and sec. 30 of art 2, ordaining that "no article manufactured of the produce of the State shall be taxed otherwise than to pay the inspection fees," are not repugnant to secs. 8 and 10 of the Constiution of the United States regulating commerce between the States.

2. SAME. *Same.* These two clauses must be construed *pari passu*, from which it appears that a distinction is drawn between a tax upon the article in specie, and the tax upon the privilege of peddling the article, and confers upon the Legislature a power to levy a tax upon the privilege.

3. SAME. *Same.* The acts of the assembly which enacts that "all peddlers of sewing machines, or peddlers selling by sample, must pay a tax of ten dollars," and that exempt articles manufactured of the produce of the State from taxation, are not in contravention of the provision of the Constitution of the United States authorizing Congress to regulate commerce between the States.

FROM SUMNER.

No record can be found.

TURNEY, J., delivered the opinion of the court.

The Constitution of the United States, sec. 8, ordains : "The Congress shall have power to regulate commerce with foreign nations, and among the several States, and among the Indian tribes." Sec. 10. "No State shall, without the consent of Congress, lay any imports, or duties on imports or exports, except what may be absolutely necessary for executing its inspection laws; and the net produce of all duties and imports, laid by any State on imports and exports, shall be for the use of the United States, and all such laws shall be subject to the revision and control of the Congress."

The Constitution of the State of Tennessee, art. 2, sec. 28, ordains : "The Legislature shall have power to tax merchants, peddlers and privileges, in such manner as they may from time to time direct." Sec.

30 of art. 2: "No article manufactured of the produce of this State shall be taxed otherwise than to pay inspection fees."

By an act of the general assembly of the State, passed March 13, 1868, entitled, "An Act to amend the revenue laws of this State," ch. 79, sec. 4, subsec. 10, it is provided, "all pedlers of sewing machines or selling by sample shall pay a tax of ten dollars." By a late statute the tax is increased to fifteen dollars.

By an act passed March 25, 1875, "articles manufactured of the produce of the State are exempt from taxation." The plaintiff in error manufactures its machines at Bridgeport, Connecticut, and have their principle office in Tennessee at Nashville. It paid its tax for 1876, for peddling in Sumner county, under protest, etc., and brings this action to recover back the amount so paid.

It is urged that some of these provisions of the State Constitution, and of the several acts, are repugnant to the Constitution of the United States, and therefore void. To support this theory, the case of *Welton* v. *State of Missouri* is cited. In that case the statute questioned, declares that "whoever deals in the sale of goods, wares, or merchandise, except books, charts, maps and stationary, which are not the growth, produce or manufacture of the State, by going from place to place to sell the same, shall be deemed a peddler," and then enacts that no person shall deal as a peddler without license, etc. It is obvious that this statute aims directly at the importation and peddling of goods in the

Machine Co. *v.* Cage.

State, and is confined to these objects, discriminating between the citizen and non resident.

Our Statute is comprehensive and applies to the resident as well as the non-resident—to home manufacturers as well as to the importer of foreign goods or goods manufactured out of and not of the growth or produce of the State; it is not an attempt to regulate commerce between the State of Tennessee and a sister state. Nor is it an attempt to lay imposts or duties on imports or exports, but broadly levies a tax upon all peddlers of sewing machines without regard to place of growth, or produce of material, or of manufacture.

Again, while our Constitution ordains that no article manufactured of the produce of the State shall be taxed otherwise than to pay inspection fees, it also ordains, as we have already noticed, that the Legislature shall have power to tax merchants, peddlers and privileges," etc.

The two clauses must be construed *pari passu* and effect given to each. Construing them together it clearly appears the convention took and expressed a distincttion between a tax upon the article in specie, and a tax upon the *privilege* of *peddling* the article, and conferred upon the Legislature the power of enabling the enforcement of such distinction. These clauses of our State Constitution and the unrestrictive words of the statutes make a wholly different case to that of Welton, with which the judgment of the circuit court is not in conflict and will be affirmed.